IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PEDRO C. BALDOVINOS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 05-05046-CV-RED-P |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Now before the Court is Movant's Motion to Vacate, Set aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). The government has responded (Doc. 3) and the Movant has replied (Doc. 9).

Movant has filed a direct appeal in the criminal case 02-5088-05-CR-SW-RED. Although the Eighth Circuit affirmed Movant's sentence in an unpublished opinion, the Appellate Court stayed the mandate. *United States v. Baldovinos*, 04-1035 *3, n.2 (8th Cir. October 29, 2004). Movant then filed his civil case under § 2255 before the mandate was issued. Therefore, Movant's direct appeal was still pending with the Eighth Circuit Court of Appeals when his motion under § 2255 was filed. For this reason, the Court finds this § 2255 motion is due to be dismissed, without prejudice, as untimely.

Although there is no jurisdictional bar to this Court entertaining Movant's motion, "the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968); *see also* Rules for Section 2255 Proceedings, Rule 5(a), Ad. Com. Note 1 (noting that courts have consistently held such a motion is inappropriate if the Movant is simultaneously appealing the decision). The Court

finds no extraordinary circumstances justifying the consideration of Movant's § 2255 motion while his direct appeal is pending. The view that § 2255 motions yield to direct appeals is well supported in this circuit. *See e.g., United States v. Jagim*. 978 F.2d 1032, 1042 (8th Cir. 1992) (holding that "because [Movant] filed this motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed"); *Masters v. Eide,* 353 F.2d 517, 518 (8th Cir. 1965).

To the extent any of Movant's § 2255 issues are not addressed in the Eighth Circuit's opinion and mandate regarding his direct appeal, Movant may then address them to this Court in a § 2255 Motion. If another § 2255 motion is filed with this court, it will not be a "second or successive" petition within the meaning of 28 U.S.C. § 2255. *Flores v. United States*, 124 F.3d 207 (8th Cir. 1997).

Accordingly, Movant's Petition for Habeas Corpus (Doc. 1) is hereby **DISMISSED without prejudice** as untimely filed.

**IT IS SO ORDERED.**

DATE:   August 22, 2005        */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT

-2-

Case 3:05-cv-05046-RED   Document 10   Filed 08/22/05   Page 2 of 2